UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA

- against -

MALDONADO GARCIA FELIZ,

                Defendant.

18 Cr. 670 (JGK)

MEMORANDUM OPINION
AND ORDER

JOHN G. KOELTL, District Judge:

The defendant, Maldonado Garcia Feliz, has moved for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A). The defendant argues that the harsh conditions of his confinement combined with the possibility of his contracting COVID-19 constitute extraordinary and compelling reasons warranting his early release from imprisonment. For the reasons explained below, the application is **denied**.

The defendant was convicted pursuant to his plea of guilty to a one count information charging him with a conspiracy in violation of 21 U.S.C. § 846 to distribute and to possess with intent to distribute controlled substances in violation of 21 U.S.C. § 841(b)(1)(B). According to the Pre-Sentence Report, the controlled substances involved in the conspiracy included 2.3 kg of heroin, 2.6 kg of fentanyl, and 3.6 kg of cocaine. The Guideline Sentencing Range for the defendant's offense was 87 to 108 months. The Court sentenced the defendant principally to 72 months' imprisonment. The defendant's expected release date is May 3, 2023. The defendant was initially imprisoned at Moshannon

Valley Correctional Facility where he unsuccessfully sought compassionate release. In March 2021, the defendant was transferred to FCI Beckley, a medium-security federal correctional facility in West Virginia.

Section 3582(c)(1)(A), as amended by the First Step Act of 2018, Pub. L. 115-391, 132 Stat. 5194, provides that a district court may reduce a sentence after considering the factors set forth in 18 U.S.C. § 3553(a), provided that the defendant (1) has exhausted administrative remedies and (2) has demonstrated an "extraordinary and compelling reason" that justifies the sentence reduction. See 18 U.S.C. 3582(c)(1)(A). The Court of Appeals for the Second Circuit has made it clear that a district court has broad discretion in determining whether a defendant has shown an extraordinary and compelling reason for a sentence reduction. See United States v. Brooker, 976 F.3d 228, 237 (2d Cir. 2020). "The only statutory limit on what a court may consider to be extraordinary and compelling is that '[r]ehabilitation . . . alone shall not be considered an extraordinary and compelling reason.'" Id. at 237-38 (quoting 28 U.S.C. § 994(t)).

There is no dispute that the defendant has exhausted his administrative remedies because he sought compassionate release at the Moshannon Valley Correctional Facility and that request

was denied. However, the defendant has failed to show that he has satisfied the other requirements for compassionate release.

The defendant has failed to show that there are extraordinary and compelling reasons supporting his release. While the defendant complains about the conditions of his confinement at Moshannon Valley Correctional Facility, he has recently been transferred to a new federal correctional facility. Accordingly, the complaints about the conditions at Moshannon Valley are moot. Similarly, while the defendant complains about his concern over contracting COVID-19, the Government reports that there is only one active case of COVID-19 at the defendant's current facility—and that case involves a staff member—and the defendant has wisely received his first vaccination against COVID-19. As a result, the defendant has failed to show that there are any extraordinary and compelling reasons warranting compassionate release.

In any event, the defendant has failed to show that the Section 3553(a) factors would be satisfied by the defendant's compassionate release. The Court carefully weighed the Section 3553(a) factors at the time of sentencing and granted the defendant a downward variance of 15 moths from the low end of the Guideline Sentencing Range. This was true despite the significant amount of dangerous drugs involved in the defendant's offense. The defendant has less than two years to

serve on his sentence and there is nothing in the defendant's submission that suggests that the Court's determination of the appropriate sentence for the defendant should now be reduced.

The defendant's application for compassionate release is **denied**.

**SO ORDERED.**

Dated:  New York, New York
        May 26, 2021

_____
John G. Koeltl
United States District Judge